UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| KRISTINA L. ALEKNA, | ) | CASE NO. 5:17-cv-400 |
|---|---|---|
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & ORDER |
| THE AT&T SERVICE, INC., et al., | ) | |
| DEFENDANTS. | ) | |

Plaintiff Kristina L. Alekna ("Alekna") filed this action on February 27, 2017, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a). (Doc. No. 1 (Complaint ["Compl."].) Presently before the Court is Alekna's motion for discovery. (Doc. No. 15 ["Mot."].) The motion is opposed (Doc. No. 17 ["Opp'n"]), and Alekna has filed a reply. (Doc. No. 18 ["Reply"].) For the reasons that follow, the motion is denied.

I. BACKGROUND

At all times relevant to the complaint, Alekna was an employee of AT&T and was a covered participant under defendant AT&T Umbrella Benefit Plan No.1 (the "Plan"). (Compl. ¶¶ 1, 3-4.) The Plan is an ERISA-governed benefits plan as defined in 29 U.S.C. § 1002 *et seq.* (*id.* ¶ 6), and the parties agree that the claims administrator for the Plan is defendant Sedgwick Claims Management Services, Inc. ("Sedgwick"). (Doc. No. 17-1 (AT&T Mobility Disability

Benefits Program Summary Plan Description ["SPD"]) at 123[1]; Doc. No. 12 (Notice) at 53; *see* Mot. at 64; Opp'n at 77.)

Alekna alleges that she has been diagnosed with various medical problems. She received long term disability benefits under the Plan through May 1, 2016, but her benefits were eventually terminated. (Compl. ¶¶ 7-8.) She brings the present action to challenge the decision to terminate her benefits.

She now moves for limited discovery and has submitted five requests for production of documents. (Doc. No. 15-1.) According to Alekna, she is seeking discovery "related to a potential conflict of interest and/or bias of the Defendants, and whether [her] claim was given a 'full and fair review' under the terms" of the Plan. (Mot. at 64.)

## II. LAW AND DISCUSSION

### A. Discovery in ERISA Cases

Unlike the discovery in most civil cases, discovery in ERISA denial-of-benefits cases is substantially limited. "As a general rule, in a claim to recover benefits, a court cannot consider evidence outside the administrative record." *Putney v. Med. Mutual of Ohio*, 111 F. App'x 803, 806 (6th Cir. 2004) (citing, among authority, *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998) (Gilman, J., concurring and joined by Ryan J.)). This general rule furthers the primary goal of ERISA to inexpensively and expeditiously resolve benefits disputes.

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

*Kasko v. Aetna Life Ins. Co.*, 33 F. Supp. 3d 782, 786 (E.D. Ky. 2014) (citing *Perry v. Simplicity Eng'g*, 900 F.2d 963, 966-67 (6th Cir. 1990)). Like most rules, however, there are exceptions, and limited discovery beyond the administrative record may be appropriate when it is "'offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part.'" *Johnson v. Conn. Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009) (quoting *Wilkins*, 150 F.3d at 619).

"The due process inquiry is directed to whether the reviewer gave the claimant a full and fair hearing." *Clark v. Am. Elec. Power Sys. Long Term Disability Plan*, 871 F. Supp. 2d 655, 660 (W.D. Ky. 2012). The inquiry most often addressed in the case law, however, is that of bias. In *Metro. Life Ins. Co. v. Glenn*, the Supreme Court held that an inherent conflict of interest exists when the insurance company that is responsible for paying ERISA benefits out of its own pocket is also the administrator that determines eligibility for benefits. 554 U.S. 105, 108, 128 S. Ct. 2343, 171 L. Ed. 2d 299 (2008). While the Supreme Court instructed that a court must consider such a conflict in determining whether the administrator abused its discretion in denying benefits, it noted that such "conflicts are but one factor among many that a reviewing judge must take into account." *Id*. at 115. With respect to discovery, the Court explained that it was not "necessary or desirable for courts to create special burden-of-proof rules, or other special procedural evidentiary rules, focused narrowly upon the evaluator/payor conflict." *Id*.

"Following *Glenn*, the Sixth Circuit has refused to create a specific rule about the threshold evidentiary showing of bias required before discovery will be permitted in ERISA cases." *Corey v. Sedgwick Claims Mgmt. Servs.*, No. 1:15 CV 1736, 2015 WL 9206490, at *2 (N.D. Ohio Dec. 17, 2015) (citing *Johnson*, 324 F. App'x at 466). As a consequence, two

approaches have emerged. At one end of the spectrum, some district courts have concluded that the existence of the inherent conflict from an administrator serving as evaluator and payor, alone, was sufficient to warrant discovery. Other district courts "have required more than a mere allegation of bias before allowing discovery [on the subject of bias]." *Id*. (citation omitted); *see Neubert v. Life Ins. Co. of N. Am*., No. 5:13 CV 643, 2013 WL 5595292, at *2-3 (N.D. Ohio Oct. 10, 2013) (discussing the differing approaches and collecting cases).

Recent Sixth Circuit case law supports the latter approach. In *Pearce v. Chrysler Group, L.L.C. Pension Plan*, 615 F. App'x 342 (6th Circuit 2015), the Sixth Circuit emphasized that an ERISA plaintiff must come forward with something more than conjecture to support a request for discovery. "Where a plaintiff has laid a factual foundation to support a claim for lack of due process or bias, his right to discovery must be balance against the 'need to prevent fishing expeditions.'" *Id*. at 350 (quoting *Bush v. Dictaphone Corp*., 161 F.3d 363, 367 (6th Cir. 1998)). Toward that end, the court cautioned that "the district court's review is limited to the administrative record absent *evidence* to support 'a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part.'" *Id*. (quoting *Wilkins*, 150 F.3d at 619) (emphasis in original). Regardless of the approach, however, "all district courts typically permit discovery in ERISA cases when plaintiff makes 'an additional showing of potential bias', beyond the inherent conflict of interest." *Neubert*, 2013 WL 5595292, at *3 (collecting cases).

**B. Alekna's Allegations**

Alekna does not ground her request for discovery in the inherent conflict—addressed in *Glenn* and its progeny—existing when the evaluator and payor are the same entity. She

4

acknowledges, as she must, that here "the decision maker and the payor are two separate companies." (Mot. at 64.) Instead, she creatively attempts to use the separation between the evaluator and the payor to generate the specter of a conflict. Recognizing that Sedgwick "is not performing its duties as a decision maker without charge[,]" Alekna suggest that the existence of a contract between Sedgwick and the Plan extending to Sedgwick full authority to determine claims without input from defendants or the Plan "raises the issue . . . as to whether [her] claim was administered correctly under the Policy outlined by the Plan." (*Id.*) According to Alekna, the fact that Sedgwick is paid for its services, alone, "invites the potential for a bias for Sedgwick to eliminate claims for AT&T."[2] (*Id.* at 65.) She insists that these allegations "clearly fall within 'procedural challenges,' for which discovery is permitted under precedent."[3] (*Id.* at 64, citing *Myers v. Prudential Ins. Co. of Am.*, 581 F. Supp. 2d 904, 913 (E.D. Tenn. 2008).)

The Court disagrees and will not permit Alekna to embark on a fishing expedition armed exclusively with rank speculation supported only by the fact that Sedgwick does not offer its services free of charge. To allow discovery in such circumstances would require discovery in all ERISA cases, transforming the exception into the rule, and decimating case law underscoring the limited nature of ERISA discovery. While Alekna's complaint contains a conclusory allegation that a conflict of interest exists, she offers no evidence, or even any factual allegation alluding to

---

[2] Alekna surmises that this "potential for bias" would be compounded "if [the parties'] agreement provides any incentives or bonuses." (Mot. at 65.)

[3] She also highlights the fact that Sedgwick processes the initial claims and the appeals from the claims decisions. (Mot. at 66.) Yet, Alekna fails to explain how this fact, alone, demonstrates a conflict or bias.

an already existing conflict like that identified in *Glenn*.[4] Instead, it is clear that she is hoping that discovery will lead to the unearthing of some previously unknown conflict or procedural defect. (*See* Mot. at 67 ["The requested information is all relevant to Plaintiff's claim against the Defendants, because it targets *whether there were procedural defects* in how Sedgwick administered, or was allowed to administer, Plaintiff's claim."] (emphasis added).) Yet, her unsubstantiated concerns, coupled with her unresolved factual questions as to the details of how her own claim was processed,[5] are insufficient to justify this Court venturing beyond the administrative record. *See, e.g, Corey*, 2015 WL 9206590, at *2 (denying a request for discovery based exclusively on the fact that the denial by Sedgwick was announced on ERISA plaintiff's employer's stationery and plan records did not clearly indicate who actually made the final decision); *see also Pearce*, 615 F. App'x at 350 (request for discovery in denial-of-benefits case properly denied where plaintiff merely argued that "he should be allowed to engage in discovery to discern whether a conflict exists").

Because Alekna had not provided *any* facts showing that she has a colorable procedural or bias claim, she is not entitled to discovery in this ERISA case. *See Johnson*, 324 F. App'x at

---

[4] It is telling that Alekna's motion relies exclusively on cases involving the inherent conflict recognized when the evaluator is also the payor. *See Davis v. Hartford Life & Accident Ins. Co.*, No. 3:14-CV-00507-TBR, 2015 WL 7571905, at *3 (W.D. Ky. Nov. 24, 2015) ("Here, the plaintiff Davis alleges a conflict of interest as Harford (1) determines whether an insured qualifies for benefits and (2) pays the insured's benefits out of its own funds."); *Gluc v. Prudential Life Ins. Co. of Am.*, 309 F.R.D. 406, 409 (W.D. Ky. 2015) ("Prudential does not dispute that the company both administers disability claims and pays disability benefits[.]"); *Clark*, 871 F. Supp. 2d at 660 ("Where an administrator both evaluates and pays claims, this alone is a sufficient basis for authorizing discovery to explore the potential bias."); *Myers*, 581 F. Supp. 2d at 905 (underlying complaint alleged that "entity that made the decision to deny benefits would pay any funds due out of its own funds"). At least in those cases, the ERISA plaintiffs began with a *factual* allegation demonstrating a *per se* conflict.

[5] Specifically, Alekna notes that "there is no information in the Record that AT&T provided instructions, directions, or guidelines to Sedgwick for administering the claim as [its] proxy. This is extremely relevant and goes to the heart of whether AT&T is ensuring its beneficiaries that they will receive a 'full and fair review' under the terms of the Policy since it has no involvement in the decision making process." (Mot. at 66.) Again, Alekna relies on her lack of knowledge of any impropriety to justify her discovery request.

467 ("District courts are well-equipped to evaluate and determine whether and to what extent limited discovery is appropriate in furtherance of a colorable procedural challenge under *Wilkins*."). Accordingly, Alekna's motion for discovery is denied. The Court shall issue an amended case management plan with revised dates and deadlines that will govern the remainder of the case.

    **IT IS SO ORDERED**.


Dated: March 12, 2018

    **HONORABLE SARA LIOI**
    **UNITED STATES DISTRICT JUDGE**